IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KIRSTEN W., individually and on behalf of C.W., a minor,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA, and the TRINET GROUP, INC. SECTION 125, SECTION 129, and FLEXIBLE SPENDING ACCOUNT PLAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART [23] DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>Case No. 2:19-cv-00710-DBB-JCB<br><br>District Judge David Barlow |

Plaintiff alleges that Defendants improperly denied benefits for mental health treatment under an employee welfare benefits plan. Plaintiff seeks recovery of the costs of those services under the Employee Retirement Income Security Act of 1974 (ERISA) and the Paul Wellstone and Pete Domenici Mental Health Parity and Addiction Equity Act of 2008 (Parity Act).[1] Before the court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint[2] (Motion). Defendants move to dismiss Plaintiff's second cause of action—the Parity Act claim. Because Plaintiff has failed to allege a plausible Parity Act claim, the court grants the Motion and dismisses that cause of action without prejudice.

---

[1] *See* Amended Complaint, ECF No. 4, filed October 22, 2019.

[2] Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 23, filed March 30, 2020.

## BACKGROUND

Defendants are California Physicians' Service doing business as Blue Shield of California (BSC) and the Trinet Group, Inc. Section 125, Section 129, and Flexible Spending Account Plan (Plan).[3] Plaintiff Kirsten W. is the mother of C.W.[4] and was a Plan participant.[5] C.W. was a beneficiary of the Plan.[6] BSC acted as agent and administrator of the Plan.[7] The Plan is a self-funded employee welfare benefits plan subject to ERISA.[8]

C.W. was admitted to Open Sky Wilderness Therapy in December 2017.[9] BSC denied coverage for C.W.'s treatment from February 16, 2018 to February 28, 2018 based on a lack of medical necessity for the treatment.[10] Plaintiff appealed the denial.[11] In her appeal, Plaintiff asserted that for "BSC to not be in violation of [the Parity Act], it would need to also impose acute level requirements for its non-acute medical or surgical care at skilled nursing or intermediate level rehabilitation facilities" and requested that if BSC did not pay her claim, it provide clinical guidelines including the criteria for skilled nursing criteria, claiming that it was

---

[3] Amended Complaint at 1.

[4] *Id.* at ¶ 1.

[5] *Id.* at ¶ 4.

[6] *Id.*

[7] *Id.* at ¶ 3.

[8] 29 U.S.C. § 1001 *et seq.*

[9] Amended Complaint at ¶ 13.

[10] *Id.* at ¶ 14.

[11] *Id.* at ¶ 15.

not available online, and for mental health, substance use disorders, inpatient rehabilitation, and hospice.[12] BSC upheld its denial of Plaintiff's claim.[13]

C.W. then was admitted to Telos Residential Treatment Center (Telos) in April 2018.[14] He ran away from the program twice, and he was finally readmitted to Telos on May 16, 2018.[15] BSC denied coverage for C.W.'s treatment from May 31, 2018 forward.[16] Plaintiff appealed the denial.[17] Plaintiff, through counsel, requested a copy of C.W.'s claim file and requested the medical necessity criteria for residential treatment, partial hospitalization, skilled nursing facilities, inpatient rehabilitation, and inpatient hospice.[18] BSC's response lacked a majority of the requested documents.[19] Plaintiff, through counsel, again requested a complete copy of C.W.'s claim file.[20] BSC did not respond to this request.[21] Plaintiff, through counsel, made the request again, and BSC again did not respond.[22] Plaintiff appealed using the incomplete claim file, again requesting C.W.'s medical records and the medical necessity criteria for residential treatment, skilled nursing facility treatment, sub-acute inpatient rehabilitation treatment, and inpatient hospice treatment.[23] Plaintiff also requested a copy of the Grievance Form that BSC

---

[12] *Id.* at ¶¶ 21, 23.
[13] *Id.* at ¶ 24.
[14] *Id.* at ¶ 26.
[15] Amended Complaint at ¶¶ 26–27.
[16] *Id.* at ¶ 28.
[17] *Id.* at ¶ 29.
[18] *Id.* at ¶ 30.
[19] *Id.* at ¶ 31.
[20] *Id.* at ¶ 32.
[21] Amended Complaint at ¶ 33.
[22] *Id.*
[23] *Id.* at ¶¶ 34–38.

indicated must be included with any appeal.[24] BSC did not respond to Plaintiff's appeal.[25] Plaintiff then filed this lawsuit.[26]

## STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted. Each cause of action must be supported by enough sufficient, well-pleaded facts to be plausible on its face. In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff. However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law are disregarded.

## DISCUSSION

BSC requests that the court dismiss Plaintiff's second cause of action alleging violation of the Parity Act based on BSC's alleged discrimination against mental health treatment compared to other medical treatments in applying the Plan. BSC first argues that Plaintiff's Parity Act claim is duplicative of her claim seeking recovery of monetary benefits and the relief sought is unavailable as a matter of law.[27] BSC next argues that Plaintiff's Parity Act claim fails because Plaintiff has not alleged conduct that violates the Parity Act—Plaintiff's allegations are about clinical criteria and not the underlying processes BSC uses.[28] Finally, BSC argues that

---

[24] *Id.* at ¶ 37.

[25] *Id.* at ¶ 40.

[26] *See generally id.*

[27] Motion at 7–14.

[28] *Id.* at 14–20.

4

Plaintiff has failed to state a Parity Act claim because her allegations consist of legal conclusions and conclusory statements.[29] The court dismisses the Parity Act claim for failure to state well-pleaded facts as required by *Iqbal* and *Twombly*. Accordingly, the court does not address BSC's first and second arguments.

### A. Plaintiff Has Not Alleged a Plausible Parity Act Claim.

The Parity Act requires that "treatment limitations applicable to . . . mental health or substance use disorder benefits" are "no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits."[30] "[T]he Parity Act prevents insurance providers from writing or enforcing group health plans in a way that treats mental and medical health claims differently."[31]

To succeed on a Parity Act claim, a plaintiff must establish that the benefits plan, on its face, discriminates against mental health treatment or coverage, or show that "the plan is discriminatory in application."[32] Here, Plaintiff's Parity Act claim is not based on the terms of

---

[29] *Id.* at 20–22.

[30] 29 U.S.C. § 1185a(a)(3)(A)(ii); *see* 29 C.F.R. §2590.712(c)(2)(i) (prohibiting a group health plan from applying "any financial requirement or treatment limitation to mental health or substance use disorder benefits in any classification that is more restrictive than the predominant financial requirement or treatment limitation of that type applied to substantially all medical/surgical benefits in the same classification").

[31] *David S. v. United Healthcare Ins. Co.*, No. 2:18-cv-803, 2019 WL 4393341, at *3 (D. Utah Sept. 13, 2019).

[32] *Peter E. v. United HealthCare Servs., Inc.*, No. 2:17-cv-00435, 2019 WL 3253787, at *3 (D. Utah July 19, 2019); *see also* 29 C.F.R. § 2590.712(c)(4)(i) (prohibiting a health plan from imposing nonquantitative treatment limitations more stringently to mental health and substance use disorder benefits than comparable medical/surgical benefits "under the terms of the plan (or health insurance coverage) as written" or "in operation, any processes, strategies, evidentiary standards, or other factors used in applying the [limitation]").

the benefits plan, but rather the application of the benefits plan.[33] A plaintiff asserting an as-applied claim for discrimination must do more than state conceptually that the mental health services were treated worse than other services. A plaintiff must allege facts showing that disparate treatment occurred. Extensive, specific facts are not required, but "some facts are."[34] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[35]

In this case, Plaintiff alleges that BSC "use[s] processes, strategies, standards, or other factors to limit coverage for mental health or substance use disorder treatment in a way that is inconsistent with, and more stringently applied, than the processes, strategies, standards or other factors used to limit coverage for medical/surgical treatment in the same classification."[36]

BSC argues that Plaintiff has "fail[ed] to sufficiently allege that specified medical or surgical benefits should be considered 'analogous' to mental health treatment in a residential treatment facility."[37] BSC further argues that Plaintiff has failed to "sufficiently allege the specific disparity that she contends exists between [BSC's] disposition of residential treatment claims as compared to medical or surgical claims, or how any alleged disparity violates [the Parity Act]."[38]

---

[33] *See* Amended Complaint at ¶¶ 55–57.

[34] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).

[35] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[36] *Id.* at ¶ 57.

[37] *Id.* at ¶ 21.

[38] *Id.*

6

Plaintiff has alleged facts regarding her own experience, but she has not alleged well-pleaded facts regarding the comparator medical classification. She has made only conclusory statements about the alleged as-applied discrimination involving the comparator individuals or group. These statements include: "the Plan does not require individuals receiving treatment at sub-acute inpatient facilities for medical/surgical conditions to satisfy acute medical necessity criteria in order to receive Plan benefits,"[39] and BSC's denial "process resulted in a disparity because the Plan denied coverage for mental health benefits when the analogous levels of medical or surgical benefits would have been paid."[40] These conclusory statements contend that BSC treats individuals seeking medical or surgical benefits differently than those seeking mental health treatment, but they do not provide factual allegations about the alleged disparate treatment.

Plaintiff's "general assertions" of disparate treatment, "without any details whatsoever" about how BSC treated comparator medical claims, are "insufficient to survive a motion to dismiss."[41] A legal conclusion "couched as a factual allegation" need not be accepted as true in the context of a motion to dismiss, and conclusory statements are insufficient to carry a plaintiff's burden under Rule 8.[42] Alleging facts about BSC's conduct regarding mental health

---

[39] Amended Complaint at ¶ 53.

[40] *Id.* at ¶ 56.

[41] *See Khalik*, 671 F.3d at 1193.

[42] *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); *Iqbal*, 556 U.S. at 678–79 (explaining that the relaxed pleading requirements in Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

treatment coverage is necessary, but those facts alone form only part of the required factual pairing and so are insufficient to state a Parity Act claim. Although Plaintiff identifies skilled nursing facility treatment, sub-acute inpatient rehabilitation treatment, and inpatient hospice treatment as medical or surgical analogs to residential treatment, she alleges no facts regarding these comparator treatments. Without facts about actual, as-applied, analogous medical treatment coverage, there can be no comparison and thus no claim. The court requires "plausible grounds to infer" BSC applied a more restrictive treatment limitation to mental health benefits than they applied to comparable medical/surgical benefits.[43]

### B. Plaintiff Is Granted Leave to Amend the Complaint.

Plaintiff alleges that "the Plan's medical necessity criteria for intermediate level mental health treatment benefits are more stringent or restrictive than the medical necessity criteria the Plan applies to intermediate level medical or surgical benefits."[44] In her appeal of the denial of benefits for Open Sky, Plaintiff requested the medical necessity criteria for skilled nursing facilities.[45] In her appeal of the denial of benefits for Telos, Plaintiff, through counsel, requested the medical necessity criteria for residential treatment, partial hospitalization, skilled nursing facilities, inpatient rehabilitation, and inpatient hospice.[46] Plaintiff is granted leave to amend her complaint because the Plan documents have not been provided.

---

[43] *See Twombly*, 550 U.S. at 556.

[44] Amended Complaint at ¶ 51.

[45] *Id.* at ¶ 21.

[46] *Id.* at ¶ 30.

## ORDER

BSC's motion to dismiss is GRANTED, and Plaintiff's second cause of action is dismissed without prejudice.

Signed January 11, 2021.

BY THE COURT

_____
David Barlow
United States District Judge