# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| KIRSTEN W., individually and on behalf of C.W., a minor,<br><br>**Plaintiff,**<br><br>v.<br><br>CALIFORNIA PHYSICIANS' SERVICE d/b/a BLUE SHIELD OF CALIFORNIA; and TRINET GROUP, INC. SECTION 125, SECTION 129, AND FLEXIBLE SPENDING ACCOUNT PLAN,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:19-cv-00710-DBB-JCB<br><br><br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Kirsten W.'s motion to supplement the administrative record.[2] The court held oral argument on the motion on August 5, 2021.[3] At the conclusion of the hearing, the court took the motion under advisement. The court has carefully reviewed the parties' written memoranda and considered counsel's arguments made during the hearing. Now being fully advised, the court enters the instant Memorandum Decision and Order. Based upon the analysis below, Kirsten W.'s motion is denied.

---

[1] ECF Nos. 19, 28.

[2] ECF No. 48.

[3] ECF No. 55.

## BACKGROUND

On November 29, 2018, Kirsten W. appealed an adverse coverage decision on behalf of her minor child, C.W.[4] Kirsten W. sent the appeal to the address found on the denial letter received from Defendant Blue Shield of California ("BSC"). Despite following the denial letter's directions, the appeal never made it to BSC because the address in the denial letter was incorrect and, therefore, BSC did not consider Kirsten W.'s appeal.

Kirsten W. did not become aware of the fact that BSC had never considered her 2018 appeal until after February 2021 when BSC produced the administrative record. When Kirsten W. noticed that BSC's administrative record did not contain her appeal letter, she asked BSC to include it. But BSC declined stating that it never received the appeal because it was sent to the wrong address—even though the address that BSC had instructed Kirsten W. to send her appeal was incorrect. Because BSC never considered the appeal letter, it refused to add it to the record.

Kirsten W. moved the court to supplement the administrative record to include her appeal letter,[5] and the parties fully briefed the motion.[6] One week after the motion was fully briefed, Kirsten W. filed a notice, which stated in its entirety: "Plaintiffs hereby withdraw[] their Motion to Supplement the Administrative Record (Docket No. 37, Filed April 20, 2021)."[7]

---

[4] ECF No. 37 at 2.

[5] ECF No. 37.

[6] ECF Nos. 44, 45.

[7] ECF No. 47.

The day after filing the notice, however, Kirsten W. refiled her motion to supplement the administrative record[8] even though the filing date of the new motion was nearly 60 days past the court-ordered deadline for filing such motions.[9] Kirsten W.'s late-filed motion to supplement the administrative record neither sought leave to amend the scheduling order nor provided an explanation as to why the scheduling order's deadline could not have been met. Instead, Kirsten W. made the same arguments as her prior motion but provided additional authentication for the evidence she had attached to her prior motion to supplement. The parties briefed the merits of the refiled motion to supplement,[10] and, because Kirsten W.'s refiled motion was late under the scheduling order, BSC asked the court to deny the motion as untimely. Kirsten W. replied, which contained a request to file the motion after the scheduling order's deadline. Kirsten W.'s request for new relief in her reply memorandum garnered an evidentiary objection from BSC under DUCivR 7-1(b)(1)(A), which precludes moving for relief in a reply memorandum.

This flurry of motions provides some support for Australian poet Beau Taplin's observation that "[w]hoever said the small things don't matter has never seen a match start a wildfire." BSC's seemingly small failure to give Kirsten W. the correct mailing address served as a metaphorical match that started a metaphorical wildfire of litigation that Kirsten W.'s own errors further stoked. And as with actual wildfires, the result of this metaphorical litigative wildfire is a loss of resources and scorched earth. Although BSC's error started the fire, Kirsten

---

[8] ECF No. 48.

[9] ECF No. 35 at 2 (setting the deadline for moving to supplement the administrative record as April 20, 2021).

[10] ECF Nos. 49, 50.

W.'s motion to supplement the administrative record cannot reclaim the burned area because it is: (1) untimely; and (2) not the proper mechanism to fix the problem that BSC's error created. Both reasons for denying Kirsten W.'s motion are addressed in order below.

## ANALYSIS

I.       **KIRSTEN W.'S REFILED MOTION IS UNTIMELY.**

The court must deny Kirsten W.'s untimely motion. Fed. R. Civ. P. 16 requires the court to issue a scheduling order "as soon as practicable" to help guide the case to resolution. "[A] Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."[11] "To the contrary, a scheduling order is an important tool necessary for the orderly preparation of a case for trial."[12] Consequently, a scheduling order can only be changed for "good cause and with the judge's consent."[13]

Although Kirsten W.'s initial motion to supplement the administrative record was timely filed under the governing scheduling order, that motion was withdrawn. The withdrawal of a motion ends the controversy that the motion raised. But even if the withdrawal of the motion ends the controversy without prejudice and, therefore, allows the motion to be refiled later, refiling the motion after the court-ordered deadline violates the scheduling order. Where, as here, Kirsten W. never moved for relief from the scheduling order's requirement to file motions to

---

[11] *Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014) (quotations and citation omitted).

[12] *Washington v. Arapahoe Cnty. Dep't of Social Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000).

[13] Fed. R. Civ. P. 16(b)(4).

supplement the administrative record by April 20, 2021, that deadline holds.[14] Thus, Kirsten W.'s refiled motion to supplement the administrative record is untimely and, therefore, denied.

## II. EVEN IF TIMELY, KIRSTEN W.'S MOTION TO SUPPLEMENT FAILS ON THE MERITS.

Even if the court considers Kirsten W.'s motion, it fails on the merits because supplementing the administrative record is not the proper remedy here. The "administrative record" in this action consists of "the materials compiled by the [plan] administrator in the course of making [the] decision" that is under appeal.[15] The parties do not dispute that BSC never considered Kirsten W.'s appeal because it was sent to the wrong address. Because BSC never considered Kirsten W.'s appeal, it cannot be part of the administrative record as presently constituted. Therefore, Kirsten W.'s motion to supplement is denied.[16]

---

[14] The court did not consider Kirsten W.'s request for relief from the scheduling order in her refiled reply memorandum because she cannot raise a motion for relief in a reply. DUCivR 7-1(b)(1)(A). Moreover, to show "good cause" to modify a scheduling order, "the movant [must] show [that] the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (third alteration in original) (quotations and citation omitted). That Kirsten W. filed her motion to supplement the administrative record before the April 20, 2021 deadline shows that she was capable of meeting it. Therefore, Kirsten W. could not establish good cause for her late motion even if she had properly sought to amend the scheduling order.

[15] *Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002).

[16] Although the court cannot supplement the administrative record with materials that the administrator never considered, the court could order the remand of the case to the administrator to consider Kirsten W.'s appeal documents. *See, e.g.*, *Blanton v. Hartford Life & Accident Ins. Co.*, No. 8:08-cv-1132-T-26EAJ, 2009 WL 10670767, at *1-2 (M.D. Fla. April 1, 2009) (stating that remand of ERISA case to administrator is proper if previously unconsidered documents are relevant and failure to consider documents would frustrate beneficiary's right to full and fair ERISA review). Remand would be appropriate given that BSC's error caused Kirsten W. to send her appeal letter to the wrong address, which prevented BSC from being able to consider Kirsten W.'s appeal documents. BSC should not be able to invite the error and then get the benefit

## **ORDER**

Kirsten W.'s refiled motion to supplement the administrative record[17] is denied because it is neither timely nor the correct procedural mechanism to rectify BSC's mistake.

IT IS SO ORDERED.

DATED September 2, 2021.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

therefrom. Indeed, BSC's claim that Kirsten W. should have read the plan more closely for the correct address rings hollow when the entity in charge of sending out denial letters on BSC's behalf apparently was unable to do so itself. However, because a motion for remand is not before the court, it declines to order such relief at this time.

[17] ECF No. 48.